**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JANE DOE, a minor by her parents
and next friends; JOHN DOE; JUNE
DOE, Parents of Jane Doe,
<u>Plaintiffs-Appellants,</u>

v.

ARLINGTON COUNTY SCHOOL BOARD,

No. 99-1426

<u>Defendant-Appellee,</u>

and

ALVIN CRAWLEY, Director, Student
Services Arlington County Public
Schools,
<u>Defendant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-98-371-A)

Argued: March 1, 2000

Decided: March 20, 2000

Before LUTTIG, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Jodi Therese Tuer, MCDONALD & KARL, Washington,
D.C., for Appellants. John Francis Cafferky, HUNTON & WIL-

LIAMS, McLean, Virginia, for Appellee. **ON BRIEF:** John F. Karl, Jr., MCDONALD & KARL, Washington, D.C., for Appellants. Arthur E. Schmalz, HUNTON & WILLIAMS, McLean, Virginia; Barbara S. Drake, County Attorney, Carol McCoskrie, Assistant County Attorney, Arlington, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

After administrative hearings, Jane Doe, by her parents, John and June Doe, brought this action against the Arlington County School Board, pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 et seq. (1994 & Supp. IV 1998), § 504 of the Rehabilitation Act of 1973, 29 U.S.C.A. § 794 (1998) and 42 U.S.C.A § 1983 (1998 & Supp. 1999). The district court granted summary judgment to the Board; we affirm.

Doe contends that her "1996-97 and 1997-98 placements were inconsistent with the IDEA's requirement that disabled students be educated to the maximum extent appropriate in the regular classroom with non-disabled children." The administrative hearing officers, however, found that in both years the Board provided Jane Doe with the least restrictive appropriate placements under the IDEA. "Administrative findings in an IDEA case `are entitled to be considered prima facie correct.'" Hartmann v. Loudoun County Bd. of Educ., 118 F.3d 996, 1000-01 (4th Cir.), cert. denied, 522 U.S. 1046 (1988) (quoting Doyle v. Arlington County Sch. Bd., 953 F.2d 100, 105 (4th Cir. 1991)). In this case, as the district court found,"[t]he evidence firmly supports both hearing officers' determination that the `full inclusion' program promoted by the plaintiffs would not meet[Jane's] educational needs for core academic subjects, given her significant cognitive limitations and distractibility."

2

Perhaps recognizing this, Doe maintains that the district court erred in refusing to permit "meaningful discovery" or admission into evidence of certain documents. We review a district court's discovery rulings for abuse of discretion, and find no abuse here.

Doe also asserts that the district court erred in granting summary judgment on her § 504 and § 1983 claims. The § 504 claim was, as the district court held, both derivative of the IDEA claim (and so must fail because the IDEA claim fails) and waived (because Doe did not argue it in the state review hearing). The § 1983 claim was based entirely on the IDEA and § 504 claims. Since Doe cannot prevail on her IDEA and § 504 claims, she cannot prevail on her § 1983 claim. Moreover, notwithstanding Doe's assertions to the contrary, she has also failed to demonstrate that any statutory violation constituted a "policy or custom" of the Board, a prerequisite for § 1983 recovery against the Board. See Monell v. Department of Soc. Servs., 436 U.S. 658, 690-91, 694 (1978).

We have fully considered all of Doe's remaining arguments. After careful review of the extensive record, the briefs and arguments of counsel, and the relevant legal authorities, we reject them and affirm the grant of summary judgment to the Board for the reasons stated by the district court. See Jane Doe v. Arlington County Sch. Bd., 41 F. Supp.2d 599 (E.D. Va. 1999).

AFFIRMED

3